333 A.2d 888

**COMMONWEALTH of Pennsylvania**

v.

**William David DEVLIN, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 21, 1974.

Decided March 18, 1975.

Merle K. Evey, Richard A. Behrens, Patterson, Evey, Routch & Black, Hollidaysburg, for appellant.

Amos Davis, Dist. Atty., Hollisdaysburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

The appellant was found guilty of sodomy by a jury. The victim was a twenty-two year old retarded man who had the mental ability of a first or second grade child and the emotional stability of an even younger child. The sole issue in this case is whether the Commonwealth proved the date of the crime with sufficient particularity to uphold the conviction. The only proof at trial was that the crime occurred some time within a fourteen-month period from February 1971 to April 1972. On this issue of first impression in this Court, we granted allocatur and now reverse.

The victim had been in a State school for the mentally retarded since 1964. At this school, he had been given vocational training which led to his ability to perform certain basic and repetitious types of work. Subsequently, he became employed in the City of Altoona by a clothing manufacturer although he remained under the general supervision of the State school. He received his earnings directly and he lived in the community with other retarded persons.

Shortly after his employment began, the victim began to exhibit difficulty in managing his own financial affairs. Therefore, a social worker at the State school contacted the appellant, age fifty-two and an employee of another social agency, and made arrangements with the appellant to receive the earnings of the victim from his employer and to supervise these funds so that the victim would receive a proper diet and have his obligations paid. The appellant assumed these duties in February of 1971 and thereafter the victim went twice daily to the home of the appellant to procure money for lunch and dinner.

On April 14, 1972, the victim approached two Altoona City policemen at 5:00 or 6:00 p. m. as they were seated in their patrol car. He told the two officers that acts of sodomy had been perpetrated upon him by the appellant and he gave the officers Devlin's name, address and license number. The officers took the victim home and reported the incident to their commanding officer.

On April 17 the two detectives filed an information charging William Devlin with sodomy "on or about early evening of 4–16–72." The defendant was arraigned on April 17, 1972, and the grand jury returned an indictment on June 6, 1972, alleging that William Devlin had committed sodomy "on or about the 16th day of April," 1972.

At the trial the victim described rather bluntly the acts which the defendant committed upon him. He testified that the acts took place in the bedroom of the home of the appellant on an occasion when the victim had gone there to procure meal money and that "it was real dark outside." However, the victim could not give any indication as to the time of year, the month, day, or date when the crime occurred. Other witnesses for the Commonwealth gave testimony which would prove the continuing financial arrangement between the victim and the appellant from February 1971 to the date the crime was reported on April 14, 1972.

The defense attempted, during its cross-examination of the victim, to discredit the testimony of the victim by showing that two of the victim's friends had encouraged him to falsely accuse the defendant of this licentious behavior so that the victim would receive more of his own money from the appellant. The testimony of the victim was highly uncertain and self-contradictory in this respect but he reasserted that the acts of sodomy had been perpetrated upon him by Devlin.

At the close of the Commonwealth's case, the defense demurred to the prosecution's evidence on the ground

that the Commonwealth had not fixed the date of the crime with sufficient particularity, and thus the charge was impossible to defend. The trial judge ruled that the showing of the commission of the crime within the fourteen-month period, which period was within the five-year statute of limitations for the crime of sodomy, was sufficient.

We believe that *Commonwealth v. Levy*, 146 Pa.Super. 564, 23 A.2d 97 (1941), states the applicable rule of law. *Levy* also involved an appeal from a sodomy conviction. In that case, the victim, an eleven-year-old boy, was unable to fix the date of the offense except to state that it occurred some time in August or September of 1939. Other Commonwealth witnesses provided no assistance in fixing a more particular date. In those circumstances, the Court reversed the conviction, stating:

"It may be conceded that in the prosecution of crimes of the kind here involved the Commonwealth is not required to prove their commission on the date laid in the indictment, but, failing in that, we think it has the burden, in order to sustain a conviction, of proving their commission upon some other date, fixed with reasonable certainty and being within the prescribed statutory period . . ..

In other words, where a particular date or day of the week is not of the essence of the offense, the date laid in the indictment is not controlling, but some other reasonably definite date must be established with sufficient particularity to advise the jury and the defendant of the time the Commonwealth alleges the offense was actually committed, and to enable the defendant to know what dates and period of time he must cover if his defense is an alibi. . . ."

\* \* \* \* \* \* \* \*

"We do not understand the rule of the cases to be that the Commonwealth need not prove any date at all, but can sustain a conviction merely by proving that

the offense must have been committed upon some un-shown date within the statutory period. Our attention has not been called to any case so holding." 146 Pa. Super. at 569–70, 23 A.2d at 99.

Accord *Commonwealth v. Morrison,* 180 Pa.Super. 121, 118 A.2d 258 (1955); *Commonwealth v. Mourar,* 167 Pa.Super. 279, 74 A.2d 734 (1950).

 Certainly, the Commonwealth has shown that the crime was committed, if at all, within the statutory period of limitations. As a general proposition of law, the evidence is sufficient to support a conviction if it tends to prove that the offense was committed prior to the commencement of the prosecution and that it was not committed at a time so remote that its prosecution is barred by the prescribed statutory period of limitations. *Commonwealth v. Weiss,* 284 Pa. 105, 130 A. 403 (1925); *Commonwealth v. Ryhal,* 274 Pa. 401, 118 A. 358 (1922); *Commonwealth v. Kuhn,* 200 Pa.Super. 649, 190 A.2d 337 (1963); 23 C.J.S. Criminal Law § 915 (1961). If the statute of limitations was our only consideration this conviction could be upheld. However, the rule an-nounced in *Levy* contains another requirement: the date of the commission of the offense must be *"fixed with reasonable certainty."* We do not feel that the Common-wealth's proof to the effect that the crime was commit-ted on any single day within a fourteen-month period meets the "sufficient particularity" standard of *Levy.* To hold otherwise would violate the notions of fundamen-tal fairness embedded in our legal process.

Our holding is required by the Fourteenth Amendment Due Process Clause of the United States Constitution and by Article I, Section 9, of the Pennsylvania Constitu-tion, P.S. Our Commonwealth's Constitution there states:

"In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him

. . . nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land."

It has been a long-standing tenet of Pennsylvania jurisprudence that "the law of the land" in Article I, Section 9 is synonymous with "due process of law." *See, e. g., Commonwealth v. Jackson*, 457 Pa. 79, 319 A.2d 161 (1974); *Craig v. Kline*, 65 Pa. 399, 413 (1870). Thus, we have held that the State Constitution is violated where the defendant is substantially denied an opportunity to present a defense. *Commonwealth v. Jester*, 256 Pa. 441, 100 A. 993 (1917).

■■ Under the Federal Constitution, if the opportunity to ·defend is inadequate, the defendant is denied due process of law. *Commonwealth v. O'Keefe*, 298 Pa. 169, 148 A. 73 (1929), citing *Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97 (1908). "While not capable of exact definition, the basic elements of procedural due process are adequate notice, opportunity to be heard, and a chance to defend oneself before a fair and impartial tribunal having jurisdiction of the case." *Commonwealth v. Thompson,* 444 Pa. 312, 316, 281 A.2d 856, 858 (1971). In our adversary system of justice, it is axiomatic that a party is entitled to a fair hearing. The Federal Due Process Clause and the State "law of the land" provision guarantee the fundamental fairness of that hearing. To defend a charge of conduct occurring anywhere within a fourteen-month period was, for this appellant, a fundamentally unfair burden.[1]

1. In *Commonwealth v. Pope*, 455 Pa. 384, 391, 317 A.2d 887, 890 (1974), we stated that a variance between the allegations of the indictment and the proof offered at trial will not be deemed fatal "unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right." (Footnotes omitted). Although the issue raised by appellant here is not strictly one of variance, it is apparent that the same considerations which measure the fairness of a variance between indictment and proof

■ Furthermore, we cannot sustain the contention that the date of the crime must be fixed with reasonable certainty only in situations where the defendant notifies the prosecution of, and attempts to prove, an alibi defense. Two reasons support our rejection of that proposition: First, although an alibi defense is the most obvious reason for the rule, the lack of a sufficiently particular date in the prosecution's proof can hamstring the defense in other ways. In this trial, for instance, the credibility of the victim was a serious issue. The appellant, because he did not have a sufficiently particular period of time to defend was precluded from further attacking the credibility of the victim by showing (1) behavior of the victim after the incident which was inconsistent with the extremely severe conduct to which the victim was allegedly subjected, and (2) the physical and emotion trauma which would have necessarily resulted therefrom. Nor could the defendant attempt to prove that the victim did not visit his house on the date in question because there was no date or limited period of time asserted by the Commonwealth.

Secondly, notification of an alibi defense was a futile gesture in this case because the date laid in the indictment was obviously an arbitrary one; the date in the information and indictment was April 16, but the crime had been reported on April 14. Moreover, it would have been an impossible burden for the appellant to offer an alibi defense for a fourteen-month period.[2]

■ "Here, as elsewhere, 'The pattern of due process is picked out in the facts and circumstances of each case.'" *Hoag v. New Jersey*, 356 U.S. 464, 468, 78 S.Ct. 829, 833, 2 L.Ed.2d 913 (1958), citing *Brock v. North Carolina*, 344 U.S. 424, 427–28, 73 S.Ct. 349, 97 L.Ed. 456

must be utilized to test the reasonableness of the interval of time in which it is proved that the crime has been committed.

2. *See* dissenting opinion of Hoffman, J., below, *Commonwealth v. Devlin*, 225 Pa.Super. 138, 310 A.2d 310 (1973).

**516**

(1953); *United States ex rel. Drew v. Myers*, 327 F.2d 174 (3d Cir. 1964). Due process is not reducible to a mathematical formula. *Gibbs v. Burke*, 337 U.S. 773, 781, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949). Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime. *Cf. Commonwealth v. Morrison, supra; Commonwealth v. Mourar, supra.* Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.[3] Here, the fourteen-month span of time is such an egregious encroachment upon the appellant's ability to defend himself that we must reverse.

Judgment of sentence reversed and appellant discharged.

POMEROY, J., did not participate in the consideration or decision of this case.

---

**3.** *See* dissenting opinion of Spaeth, J., below, *Commonwealth v. Devlin*, 225 Pa.Super. 138, 141, 310 A.2d 310, 312 (1973).