J-A35001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES EDWARD CUMBERLEDGE, | |
| Appellant | No. 842 WDA 2013 |

Appeal from the Judgment of Sentence April 12, 2013
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000175-2012

BEFORE: BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED FEBRUARY 03, 2015**

Appellant, Charles Edward Cumberledge, appeals from the judgment of sentence of 11 to 22 years' incarceration. Appellant challenges the jurisdiction of the trial court, the sufficiency of the evidence, and the weight of the evidence. We affirm.

Appellant proceeded to a jury trial on December 18, 2012. The facts adduced at trial are as follows. Appellant visited the home of his aunt some time shortly before the new school year commenced during the summer of 2011. N.T., 12/18/12, at 39 – 40. While his aunt and her husband shopped for groceries, Appellant remained in their home babysitting his aunt's two stepchildren. *Id.* at 42. Appellant was upstairs, while the children played video games in the living room. *Id.* at 43 – 44. At some point, Appellant called downstairs to his 13-year-old cousin, asking her to bring him the

phone. *Id.* at 44. She brought him the phone, and he grabbed her arm when she attempted to leave. *Id.* at 47. She tried to pull away and asked him to let her go. *Id.* at 48. Appellant then laid her on the floor, removed her jeans and underwear, and forced his penis into her vagina. *Id.* at 50 – 51. She asked him to stop, kicked him, and punched him in the face. *Id.* at 51.

The victim's younger brother had followed her up the stairs and witnessed what was happening. *Id.* at 52. When the victim motioned to him for help, he turned the lights to the room on and off. *Id.* at 53. Appellant moved away from the victim. *Id.* at 53. The victim dressed and went back downstairs. *Id.* at 54.

Thereafter, the victim's parents[1] noticed she was unusually quiet. *Id.* at 144. They asked her if someone had touched her. *Id.* at 55. She denied this, but then her brother informed their parents about the incident. *Id.* at 56. The victim then discussed the incident with her parents. *Id.* at 120. Her stepmother took her to the emergency room. *Id.* at 145. The victim subsequently underwent a forensic examination and was interviewed by the police. *Id.* at 149.

_____

[1] The victim resided with her father and stepmother (Appellant's aunt). N.T., 12/18/12, at 38, 138. At trial, the victim referred to her stepmother as her mother. For the sake of clarity, we refer to the victim as the daughter of Appellant's aunt in this opinion.

Appellant was convicted of rape, sexual assault, statutory sexual assault, and indecent assault on December 19, 2013. On April 12, 2013, Appellant was sentenced to a term of 11 to 22 years' incarceration. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant now presents the following questions for our review:

1. Did the trial court commit reversible error by allowing the jury to determine if [Appellant] was eighteen on the date of the alleged offense?

2. Was there sufficient evidence to allow the jury to conclude that [Appellant] was eighteen at the time of the alleged offense?

3. Was the jury's determination that [Appellant] was eighteen at the time of the alleged offense against the weight of the evidence?

Appellant's brief at 7.

Appellant's first claim is that the trial court committed reversible error when it submitted a verdict slip to the jury that asked the jury whether it found "that if the alleged incident occurred at all, it occurred after June 2, 2011," and to stop deliberating and notify the court if their answer was "no." Verdict Slip, 12/19/12, at 1 (unnumbered pages). Reviewing Appellant's actual briefed argument, however, he does not raise a procedural challenge to the verdict slip. Rather, Appellant argues that the trial court did not possess jurisdiction over him because, he claims, he may not have been an adult when he committed these offenses.

Under the Juvenile Act, where

it appears to the court in a criminal proceeding that the defendant is a child, this chapter shall immediately become applicable, and the court shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings, together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case.

42 Pa.C.S. § 6322. If Appellant was under the age of 18 at the time he committed his offenses, he would be a "child" for the purposes of the Juvenile Act. 42 Pa.C.S. § 6302. Given the record before us, we conclude that the trial court did not abuse its discretion in not halting the proceedings.

Appellant was born on June 3, 1993, and was 18 years of age on June 3, 2011. In the criminal information, the Commonwealth alleged that the crime took place between July 15, 2011, and July 31, 2011, after Appellant was no longer a "child." Prior to trial, Appellant's counsel noted that he did not know whether the Commonwealth's witnesses would testify that the incident occurred after Appellant's 18th birthday.

At trial, the victim testified that the incident occurred during the summer of 2011, shortly before school began. Her stepmother testified that Appellant baby-sat her daughter once in August of 2011, and once in mid-to-late July of 2011. This testimony indicated that the crime occurred after Appellant's 18th birthday.

In support of his claim that he was a juvenile at the time of his offense, Appellant points to a document prepared by a doctor who was not called as a witness at trial. The document was prepared when the victim

was examined in a hospital emergency room on September 7, 2011. In that document, a doctor wrote, "Interviewed [patient] in private and [patient] stated[] about 5 – 6 months ago '[Appellant] called me upstairs, he laid me down on the floor and stuck his pee pee inside me.'" N.T. Exhibit A, at 3 (unnumbered pages). This statement is later contradicted in the same report: "[S]he states… this occurred… possibly 3 – 6 months ago." *Id.* at 5. Both Appellant's counsel and the Commonwealth agreed that the statement was hearsay. N.T., 12/18/12, at 174. Appellant's counsel conceded that "he was [not] sure of anything" with regard to whether the statements were accurate, or recorded accurately. *Id.* at 181. We cannot conclude that the trial court committed an error of law in failing to halt the proceedings based solely on this tenuous evidence, given that other testimony indicates that Appellant committed the crime in question after his 18th birthday.

Appellant also argues that the evidence was insufficient to prove that he was 18 years old at the time he committed the crimes in question. He does not allege that the Commonwealth failed to prove any specific elements of the crimes for which he was convicted. Nor does Appellant direct us to any statute or case law stating that the Commonwealth generally has the burden of proving the age of a defendant in a criminal prosecution.

Appellant was convicted of rape, 18 Pa.C.S. § 3121(a)(1), sexual assault, 18 Pa.C.S. § 3124.1, statutory sexual assault, 18 Pa.C.S. § 3122.1, and indecent assault, 18 Pa.C.S. § 3126(a). Only one of these four crimes contains an element regarding the age of the defendant, statutory sexual

assault, which requires proof that the victim is under 16 years of age and the defendant is "four years older but less than eight years older than the complainant." 18 Pa.C.S. § 3122.1(a)(1). Here, it was undisputed at trial that the victim was 13 years old, and that Appellant was at least 17 years old. As such, to extent that the Commonwealth was required to prove Appellant's age as an element of the crimes for which he was charged, that burden was met.

Appellant appears to conflate proof of a defendant's age with proof of the date on which a crime occurred, also stating "[t]he evidence was insufficient to establish the date of the alleged incident." Appellant's brief at 14. He cites no case law for the proposition that the Commonwealth is required to prove the precise date on which a crime occurred beyond a reasonable doubt, presumably because no such requirement exists.

> As a general proposition of law, the evidence is sufficient to support a conviction if it tends to prove that the offense was committed prior to the commencement of the prosecution and that it was not committed at a time so remote that its prosecution is barred by the prescribed statutory period of limitations.

**Commonwealth v. Devlin**, 333 A. 2d 888, 890 (Pa. 1975).[2] Here, there is no dispute that the offenses were committed prior to the commencement of

---

[2] It is true that a defendant's federal constitutional rights may be violated where the Commonwealth cannot fix the date of the commission of the offense with reasonable certainty, even though "the Commonwealth need not always prove a single specific date of the crime." **Devlin**, 333 A.2d at 891, 892. This is because, "if the opportunity to defend is inadequate, the
*(Footnote Continued Next Page)*

- 6 -

the prosecution, and that the prosecution was commenced within the applicable statute of limitations. As the Commonwealth was not required to prove the exact date on which Appellant committed the crime in question beyond a reasonable doubt, Appellant's challenge to the sufficiency of the evidence is without merit.

Finally, Appellant argues that verdict is against the weight of the evidence, as the "the testimony regarding the date of the alleged incident is as speculative and tenuous as to render the verdict shocking." Appellant's brief at 15. We disagree.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

defendant is denied due process of law." *Id.* at 891. Appellant here does not raise such a claim.

Even assuming he had, the evidence offered by the Commonwealth fixed the date of the commission of the offense with reasonable certainty. The information filed by the Commonwealth stated that the incident took place between July 15th and July 31st of 2011, a period of only two weeks. The victim testified that the incident in question occurred in the summer of 2011, shortly before she went back to school. Her brother likewise testified that the incident took place during that summer. The victim's stepmother testified that Appellant baby-sat her daughter in "the middle or end" of July, and in August.

As this Court has noted, "[w]e do not believe that it would serve the ends of justice to permit a person to rape and otherwise sexually abuse his child with impunity simply because the child has failed to record in a daily diary the unfortunate details of her childhood." *Commonwealth v. Niemetz*, 422 A.2d 1369, 1373 (Pa. Super. 1980). Accordingly, the failure of the Commonwealth to prove the exact date of the crime in question did not violate Appellant's constitutional right to due process, where the Commonwealth was able to offer proof that the incident occurred some time within the span of several weeks.

We review Appellant's weight-of-the-evidence claim under the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice."

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (internal citations omitted). Here, the trial court mistakenly referred to the Rules of Civil Procedure in its opinion, but nonetheless found that the instant case presented "unresolved questions of fact," and that, given the evidence submitted at trial, it was proper for the jury to resolve those questions. Trial Court Opinion, 6/17/14, at 4 (unnumbered pages).

Having reviewed the record, we conclude that the trial court did not abuse its discretion in finding that Appellant's claim is without merit. Again, we note that the Commonwealth did not have the burden of proving the precise date the assault occurred; as such, the Commonwealth's failure to

establish this exact date would not render the jury's verdict against the weight of the evidence.

To the extent that Appellant argues that the witnesses' testimony was generally incredible because they could not recall the exact date of the assault, we note that a challenge to the weight of the evidence is not merely a reassessment of the credibility of witnesses. Moreover, the testimony offered, both regarding the details of the assault and when the assault occurred, was neither tenuous nor speculative. The victim testified that Appellant assaulted her some time in the summer of 2011. She was unequivocal about the details of the assault. While she was unable to remember the exact date of the assault, she recalled that it was shortly before the school year started. Her brother, who witnessed the assault, likewise testified that it happened in the summer, "close to school." N.T., 12/18/14, at 120. The victim's stepmother testified that she noticed a change in the victim's behavior at a certain point during the summer that concerned her, and that Appellant babysat her children once in July and once in August. Accordingly, the jury's verdict is not "so contrary to the evidence as to shock one's sense of justice," and the trial court did not err in denying Appellant's motion for a new trial. *Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/3/2015</u>