J-S06045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD D. BENNER, | |
| Appellant | No. 40 MDA 2015 |

Appeal from the Order Entered November 21, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003805-2010

BEFORE:  PANELLA, J., MUNDY, J., AND STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　**FILED JANUARY 28, 2016**

Appellant Chad D. Benner files this *pro se* appeal from the order entered by the Court of Common Pleas of Luzerne County denying Appellant's petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We remand to allow Appellant to file an amended Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and direct the PCRA court to file a supplemental opinion pursuant to Pa.R.A.P. 1925(a).

In 2010, Appellant was charged in connection with allegations of sexual assault made by Caitlyn Holvey, the younger sister of Appellant's girlfriend, Christina Holvey.  Caitlyn claimed that Appellant had sexually abused her years earlier in 2003 or 2004 when she was fourteen or fifteen years old.  On April 14, 2011, a jury convicted Appellant of Involuntary

_____
*Former Justice specially assigned to the Superior Court.

Deviate Sexual Intercourse ("IDSI") and three counts of indecent assault. The trial court sentenced Appellant to a mandatory minimum sentence of ten to twenty years incarceration for IDSI pursuant to 42 Pa.C.S. § 9714 based on Appellant's prior sodomy conviction. The trial court also sentenced Appellant to consecutive terms of one to two years imprisonment for each of the indecent assault convictions, rendering an aggregate sentence of thirteen to twenty-six years imprisonment. Appellant filed a post-sentence motion which the trial court subsequently denied.

On September 13, 2012, this Court vacated Appellant's sentence, agreeing that there was insufficient evidence to support one of the indecent assault convictions. Upon remand, Appellant was resentenced by the trial court on September 12, 2013, to an aggregate sentence of twelve to twenty-four years imprisonment with credit for time served.

On March 31, 2014, Appellant filed the instant *pro se* PCRA petition, claiming, *inter alia*, that he was denied due process as the Commonwealth failed to prove the commission of offenses charged upon a date fixed with reasonable certainty as dictated by **Commonwealth v. Devlin**, 460 Pa. 508, 333 A.2d 888 (1975). The PCRA court appointed counsel, Jeffrey Yelen, Esq., who filed a brief in support of Appellant's *pro se* petition. After a hearing, the PCRA court filed an order on November 21, 2014, denying Appellant's petition.

On December 18, 2014, Appellant filed a *pro se* notice of appeal. Appellant also filed a motion with the PCRA court to reconsider the dismissal

of his petition, arguing that PCRA counsel was ineffective in failing to adequately argue his claim that the prosecution did not prove the date of his offense with sufficient certainty pursuant to **Devlin**. Appellant asked that Atty. Yelen withdraw his representation and requested the appointment of "competent counsel" or permission to file a *pro se* appeal.

On December 22, 2014, Atty. Yelen filed a notice of appeal on Appellant's behalf along with a motion for the appointment of conflict counsel. The PCRA court allowed Atty. Yelen to withdraw, appointed Mary V. Deady, Esq. as substitute counsel, and ordered Appellant to file a Concise Statement of the Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Atty. Deady complied with this request, filing a 1925(b) statement raising two issues for appeal: (1) whether trial counsel was ineffective in failing to challenge the motive of the complainant through the admission of letters sent to Appellant by complainant's sister and (2) whether Appellant received an illegal mandatory minimum sentence under 42 Pa.C.S. § 9718.

On May 22, 2015, Appellant filed an Application for Relief in this Court, seeking to proceed *pro se*, claiming Atty. Deady ignored his requests to preserve his challenge under **Devlin**. On June 9, 2015, this Court issued a *per curiam* order, directing the PCRA Court to hold a hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998) to determine whether Appellant's waiver of counsel is knowing, intelligent, and voluntary.

On June 17, 2015, the PCRA court filed an order and opinion responding to Appellant's counseled 1925(b) statement, finding that trial counsel had a reasonable basis for not admitting the disputed letters to challenge the motives of the complainant's sister as Appellant would have opened the door to a discussion of his prior conviction for sexual assault. The PCRA court did not address or give its rationale for denying Petitioner's desired claim under **Devlin**. The PCRA court then transmitted the certified record to this Court.

On June 22, 2015, the PCRA court held a **Grazier** hearing and determined that Appellant has an "appreciatable" understanding that he is waiving his right to representation by counsel and acknowledges he will be required to raise his potential claims in a timely manner complying with all procedural rules. Trial Court Order, 6/23/15, at 1. Accordingly, the PCRA court granted Appellant's request to proceed *pro se*.

As Appellant's counseled 1925(b) statement did not include the particular issue that Appellant wishes to raise on appeal, we remand to the PCRA court to allow Appellant to file an amended 1925(b) statement to preserve the specific claims that Appellant desires to appeal. Appellant shall file the amended statement within twenty-one (21) days of the filing of this order. The PCRA court is directed to file a supplemental opinion pursuant to Pa.R.A.P. 1925(a), within forty-five (45) days of the filing of Appellant's amended 1925(b) statement. Upon return of the certified record, the

Prothonotary of the Superior Court is directed to establish a new briefing schedule for the parties.

Case remanded with directions. Panel jurisdiction retained.