J-S23020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT J. BOOTH, JR. | : | No. 1773 EDA 2016 |

Appeal from the Order Dated May 25, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005705-2015

BEFORE:  OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED JULY 07, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the order of the Court of Common Pleas of Philadelphia County, entered on May 25, 2016, that dismissed the Commonwealth's case against Appellee-Defendant Robert J. Booth, Jr., on the basis of due process for pre-arrest delay.  We reverse and remand.

The Complainant, J.M., alleges that, between 1988 and 1991, when she was 8 to 11 years old, her uncle, Appellee, had unlawful sexual contact with her.  N.T., 6/4/15, at 13-15; Trial Ct. Op. at 1-3, 6.  The alleged crimes occurred primarily on school days between 3:30 P.M. and 8:00 P.M. in Appellee's second floor bedroom in the home of Complainant's grandmother, who is recently deceased.

On August 22, 2014, the Complainant contacted law enforcement for the first time.  N.T., 3/23/16, at 24; Trial Ct. Op. at 1.  On April 21, 2015,

Appellee was arrested and charged with involuntary deviant sexual intercourse by forcible compulsion, aggravated indecent assault without consent, and sexual assault.[1]

A preliminary hearing was held on June 4, 2015, at which the Complainant testified. She could not identify any living witnesses who were in the house during any of the alleged incidents, could not recall any particular time or date for the allegations of abuse, and did not testify as to why she waited over two decades to report the alleged assaults. N.T., 6/4/15, at 13-15; Trial Ct. Op. at 2-3.

On March 25, 2016, after a hearing, the trial court dismissed all charges. On May 25, 2016, the trial court heard and dismissed the Commonwealth's motion for reconsideration.

The Commonwealth now raises the following issue on appeal:

Did the lower court err by dismissing charges on the basis of due process for pre-arrest delay and lack of specificity where the relevant delay in reporting the offenses was not caused by the prosecution and the charges alleged a continuing course of criminal conduct against an eight-year-old child sex abuse victim?

Commonwealth's Brief at 3.

"[C]ourts should apply a standard of review that pays substantial deference to the powers of the executive branch of government in deciding when to file criminal charges." *Commonwealth v. Snyder*, 713 A.2d 596,

---

[1] 18 Pa.C.S. §§ 3123(a)(1), 3125(1), and 3124.1, respectively.

605 (Pa. 1998) (internal quotation marks omitted). In determining whether pre-arrest delay violates due process, the "inquiry must consider the reasons for the delay and whether it resulted in actual prejudice to the accused." *Id.* at 604. "[E]ven in the face of prejudice, delay is excusable if it is a derivation of reasonable investigation. Thus, it is clear that any inquiry into pre-arrest delay must be directed to both the existence of prejudice to the defendant and to the cause of the delay." *Commonwealth v. Wright*, 865 A.2d 894, 901 (Pa. Super. 2004) (*per curiam*) (emphasis omitted; citation and internal quotation marks omitted), *appeal denied*, 885 A.2d 533 (Pa. 2005). A finding of either prong alone is insufficient; **both** prongs must be established in order to conclude that a defendant's due process rights have been violated. For the second prong, the defendant must show "that the delay was an intentional device" used by the prosecution "to gain a tactical advantage over the accused." *Commonwealth v. Neff*, 860 A.2d 1063, 1073 (Pa. Super. 2004) (citation omitted), *appeal denied*, 878 A.2d 863 (Pa. 2005); *see also Snyder*, 713 A.2d at 605 (at a minimum, a showing of more than mere negligence in the conduct of a criminal investigation is required).

In the case before us, the Commonwealth argues that the two-prong test was not satisfied. It states:

> Even assuming that [Appellee] was prejudiced by the delay in initiating criminal proceedings, due process is offended only where such delay is attributable to wrongful conduct on the part of the Commonwealth. Here, the Commonwealth promptly and

properly filed charges less than a year after the victim reported [Appellee]'s crimes to law enforcement for the first time. Nor was [Appellee] entitled to relief on the theory that the victim could not specify the dates of the ongoing sexual abuse she had suffered at his hands as a young child with greater particularity. The [trial court]'s order should be reversed and the case remanded for trial.

Commonwealth's Brief at 7.

The trial court's opinion comprehensively discusses and properly disposes of the first prong of the test to establish a due process claim for pre-arrest delay under **Snyder**, 713 A.2d at 604 – *i.e.*, prejudice:

Due process of law requires that a defendant be advised of the dates of an alleged offense with some degree of particularity in order for him to be able to properly defend himself. **Commonwealth v. Wilson**, 825 A.2d 710, 715 ([Pa. Super.] 2003) (**citing Commonwealth v. Devlin**, 333 A.2d 888, 890 ([Pa.] 1975)). The Commonwealth need not definitely prove the dates laid in the indictment. **Commonwealth v. Luktisch**, 680 A.2d 877[, 880] (Pa. Super. 1996). Rather, the standard is that the date of the offense be proved with "reasonable certainty." **Commonwealth v. Levy**, 146 Pa. Super. 564, 23 A.2d 97, 99 (1941). As noted by the **Devlin** court, where allegations lack a precise date and time, courts will consider many factors in light of all aspects of the case, including whether or not the failure to plead a precise date limits the ability of the defendant to present an alibi defense. **Devlin**, 333 A.2d 888 at 891. While it is true that a relaxed standard applies to cases of abuse against a minor, "any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused." **Id.** at 892.

In the instant matter, the twenty-five year (25) delay in filing the charges against [Appellee] . . . provides grounds for dismissal of the charges as it renders [Appellee] unable to present a meaningful defense to the allegations. . . . [T]he Commonwealth gained an unfair tactical advantage against [Appellee] due to the lengthy passage of time and the loss of critical defense testimony through death and memory loss. Specifically, [Appellee] cannot produce witnesses who might

provide exculpatory testimony about his location at the date and time of each alleged incident, nor can he produce documents and records to corroborate work schedules, recreational activities, appearances at social events or proof of residency. He cannot call the only witness alleged by the [C]omplainant to have possibly been present at the scene of the alleged abuse as she is recently deceased. . . .

Aggravating the prejudice against [Appellee], attributable to the extended delay in bringing these charges, is the fact that [Appellee] faces a three-year period of accountability [for the criminal acts of which he is accused]. Analyzing the **Devlin** factors along with all other aspects of the case, the Commonwealth's failure to plead a precise date eliminates any potential alibi for the dates and/or times in question. Information to the effect that the crime was committed on any single weekday afternoon within a [three]-year period does not meet the "reasonable certainty" rule announced in **Levy**, as it prevents [Appellee] from any fair opportunity to discover evidence that would indicate his conduct on the days in question.

A spread of dates that covers three years, combined with the allegation that is over twenty[] years old, significantly prejudices [Appellee] and causes an inadequate opportunity to defend.

Trial Ct. Op. at 5-6.

The Commonwealth counters that **Commonwealth v. Devlin**, 333 A.2d 888 (Pa. 1975), is inapplicable to the current case because **Devlin** involved "a single offense [that] was alleged to have occurred at some wholly unspecified time during a fourteen month period." Commonwealth's Brief at 12-13. Instead, the Commonwealth states that **Commonwealth v. Niemetz**, 422 A.2d 1369 (Pa. Super. 1980), is controlling, because "a different analysis must be employed where the perpetrator's acts were ongoing." Commonwealth's Brief at 13. The Commonwealth continues that "it would not 'serve the ends of justice to permit a person to rape or

otherwise sexually abuse his child with impunity simply because the child has failed to record in a daily diary the unfortunate details of her childhood.'" *Id.* (quoting *Niemetz*, 422 A.2d at 1373).

However, the trial court was not concerned only about Appellee suffering prejudice due to the duration of the alleged abuse. *See* Trial Ct. Op. at 5-6. The trial court's apprehension was based primarily on the inexplicable "lengthy passage of time" from the end of the ongoing series of alleged crimes in 1991 to the reporting of them in 2014. *Id.* at 2, 5-6 (citing N.T., 6/4/15, at 13-15). Although the Complainant was still a minor in 1991, she was in her mid-thirties by 2014. *Niemetz* is distinguishable from the current action because the victim in *Niemetz* reported her abuse a few months after the last abusive act, once she had reached the safety of a rape crisis center. Here, the Complainant waited about two decades to report the alleged crimes, which occurred after a "critical" witness (her grandmother) had died, and she failed to proffer any reason for the delay, such as regaining repressed memories. *Id.* at 2 (citing N.T., 6/4/15, at 13-15). *Niemetz* is inapposite and does not ameliorate the concerns about prejudice. Thus, the trial court did not err in concluding that the first prong of the test for a due process claim based on pre-arrest delay was satisfied, as the delay caused Appellee prejudice for all of the reasons that the trial court explained. *See Snyder*, 713 A.2d at 604.

However, a finding of prejudice alone is insufficient to hold that a defendant's due process rights were violated by any pre-arrest delay. **See Wright**, 865 A.2d at 901. Here, the trial court failed separately to analyze the second prong of the due process test — whether the delay was the fault of the Commonwealth. To the extent that the trial court's conclusions about fault can be extrapolated from its analysis, we note that the trial court stated that the "delay in filing the charges" was "through **no fault** of the Commonwealth," Trial Ct. Op. at 5 (emphasis added), but that, "[w]hether done intentionally or not, the Commonwealth gained an unfair tactical advantage against [Appellant] due to the lengthy passage of time and the loss of critical defense testimony through death and memory loss." **Id.** at 6. Thus, the trial court did not find "that the delay was an intentional device" employed by the Commonwealth, a required element of the due process analysis. **See Neff**, 860 A.2d at 1074. Indeed, the trial court wrote that it could not tell whether the delay was "done intentionally or not." Trial Ct. Op. at 5. In the absence of a finding of intent, the Commonwealth cannot have culpability. **Neff**, 860 A.2d at 1074; **Snyder**, 713 A.2d at 605.

Because Appellee did not show "that the delay was an intentional device" used by the prosecution, **Neff**, 860 A.2d at 1074, the second prong of the due process test was not established. Thus, we hold that the trial court improperly dismissed the Commonwealth's case against Appellee.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Musmanno files a concurring statement in which Judge Olson joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017