J-S47002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :  PENNSYLVANIA
                                                :

               v.                            :

JEREMY HEATH BARNEY          :

            Appellant        :  No. 640 MDA 2018

Appeal from the Judgment of Sentence March 6, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005676-2012

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:            **FILED OCTOBER 15, 2020**

Appellant, Jeremy Heath Barney, appeals from the Judgment of Sentence imposed on March 6, 2018, following his jury conviction of one count of Rape of a Child, one count of Involuntary Deviate Sexual Intercourse ("IDSI") with a Child, and several related crimes.[1]  After careful review, we affirm in part, vacate in part, and remand for proceedings consistent with this Memorandum.

Between January and December 2008, on more than one occasion, Appellant raped and otherwise sexually abused the victim, his paramour's five-year-old son.  Police arrested Appellant after the victim revealed the abuse to his daycare providers.

---

[1] A jury convicted Appellant of Rape of a Child, IDSI with a Child, two counts of Indecent Assault, Criminal Solicitation, Unlawful Contact with a Minor, and Corruption of Minors.  18 Pa. C.S. §§ 3121(c), 3123(b), 3126(a)(7), 902(a), 6318(a)(1), and 6301(a)(1), respectively.

Following trial in April 2014, a jury convicted Appellant of the charges set forth above. On August 1, 2014, the trial court sentenced Appellant to an aggregate term of twenty to forty years of incarceration. The sentence included a mandatory minimum sentence for Appellant's IDSI with a Child conviction. Following Appellant's timely appeal, this Court affirmed his Judgment of Sentence. *Commonwealth v. Barney*, 120 A.3d 1064 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 124 A.3d 308 (Pa. 2015).

In June 2016, our Supreme Court determined that the application of a mandatory minimum sentence for IDSI with a Child was unconstitutional. *Commonwealth v. Wolfe*, 140 A.3d 651, 660-63 (Pa. 2016). In September 2016, Appellant *pro se* filed a Petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[2] The trial court thereafter vacated Appellant's original sentence and resentenced Appellant to an aggregate term of twenty to forty years of incarceration. Regarding Appellant's conviction for IDSI with a Child, the court relied upon the sentencing guidelines and imposed a standard range sentence of ten to twenty years of incarceration.

---

[2] Appellant's Petition does not appear in the certified record, but the Lancaster County Docket confirms its filing. On October 20, 2016, the court appointed counsel and granted leave to file an amended Petition. The record does not disclose whether counsel filed an amended Petition, nor is there an Order disposing of Appellant's *pro se* Petition. Nevertheless, on August 8, 2017, the court issued an Order, scheduling a resentencing hearing for Appellant pursuant to *Wolfe*, *supra*.

Appellant timely filed a Post-Sentence Motion, which the trial court denied on April 4, 2018. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The court issued a responsive Opinion.

On November 30, 2018, appointed counsel filed an Application for Remand, requesting a *Grazier* Hearing.[3] According to counsel, Appellant wished to proceed *pro se* in order to raise issues "previously litigated in the original direct appeal, waived by not inclusion in the original direct appeal, as well as issues which are only cognizable in a timely filed PCRA [and] which can be filed subsequent to the disposition of this [current] appeal." Application for Remand, 11/30/18, at ¶3.

On December 21, 2018, we granted counsel's Application for Remand. Upon remand, the trial court conducted a *Grazier* hearing and determined that Appellant had waived the right to counsel. Thus, Appellant proceeded *pro se* with his appeal.

On January 29, 2019, Appellant *pro se* filed an Application for Relief, requesting remand so he could file an amended Pa.R.A.P. 1925(b) Statement in order to preserve an argument that *Magwood v. Patterson*, 561 U.S. 320 (2010), authorized "a challenge to his unaffected conviction after being resentenced." Application for Relief, 1/29/19, at 2 (unpaginated).

On February 11, 2019, we granted Appellant's Application for Relief and remanded to the trial court. Upon remand, Appellant filed an Amended

_____

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

Pa.R.A.P. 1925(b) Statement, citing **Magwood**, *supra*, and raising four substantive issues, three challenging his underlying conviction and one challenging the imposition of costs following his resentencing. The trial court issued a Supplemental Opinion in response.

> Appellant raises the following issues on appeal, restated for clarity:
>
> 1. Whether Appellant's resentencing created a new Judgment subject to direct appeal pursuant to **Magwood v. Patterson**, 561 U.S. 320 (2010);
>
> 2. Whether the Commonwealth violated Appellant's due process rights by suppressing and destroying mandatory discovery pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963);
>
> 3. Whether the Commonwealth violated Appellant's due process rights by failing to allege and prove a date for his crimes with reasonable certainty pursuant to **Commonwealth v. Devlin**, 333 A.2d 888 (Pa. 1975);
>
> 4. Whether the evidence was sufficient to support the verdict of the jury pursuant to **Commonwealth v. Robinson**, 817 A.2d 1153 (Pa. [Super.] 2003); and
>
> 5. Whether the resentencing court erred when it directed Appellant to pay court costs related to his resentencing hearing pursuant to **Commonwealth v. Lehman**, 201 A.3d 1279 (Pa. Super. 2019).

**See** Appellant's Br., 5/21/19, at 8-9.[4]

---

[4] As noted, *supra*, after this Court granted Appellant's request for a second remand, Appellant filed an amended Pa.R.A.P. 1925(b) Statement, raising four entirely new issues for appellate review. **Compare** Amended Pa.R.A.P. 1925(b) Statement, 2/25/19, **with** Pa.R.A.P. 1925(b) Statement, 5/18/18. Appellant did not reference, incorporate, or otherwise preserve the issues raised by his prior, appointed appellate counsel. Accordingly, Appellant abandoned those claims, and we deem them waived. **See** Pa.R.A.P. 1925(b)(4); **see generally Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011) (holding an appellant is not entitled to hybrid representation);

In his first issue, Appellant asserts that a Judgment of Sentence consists of both a conviction and a sentence. *Id.* at 16. According to Appellant, when the trial court resentenced him on March 6, 2018, the scope of his appeal encompassed both the new sentence imposed as well as the merits of his underlying conviction. *See id.* at 16-24. Appellant is incorrect.

When a trial court resentences a defendant in order to correct an illegal sentence, the defendant may not file a direct appeal attacking his underlying conviction. *Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017). The scope of an appeal is limited to issues pertaining to the resentencing procedure. *Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002).

In support of his claim, Appellant relies on *Magwood*, *supra*.[5] In that case, the Supreme Court considered procedural limitations on a petitioner's right to allege constitutional defects in a new sentence. *Magwood*, 561 U.S. at 323-24. The Court did not recognize the right of a criminal defendant to challenge his underlying conviction following re-sentencing proceedings. Indeed, the Court clarified that "Magwood has not attempted to challenge his underlying conviction." *Id.* at 342. *Magwood* is factually and legally

---

*Commonwealth v. Ray*, 134 A.3d 1109, 1114-15 (Pa. Super. 2016) (citation omitted) (reiterating that a *pro se* litigant must comply with the Pennsylvania Rules of Appellate Procedure and observing that one who chooses to represent himself "assumes the risk that his lack of legal training will place him at a disadvantage.").

[5] The trial court declined to address this argument. *See* Trial Ct. Supplemental Opinion, 3/26/19, at 3-4.

distinguishable from the instant case. Thus, Appellant's reliance upon it is misplaced.

Because Appellant may not challenge his underlying conviction, the scope of his appeal is limited to issues related to his March 6, 2018 resentencing. Accordingly, Appellant's first issue is without merit.

In his second, third, and fourth issues, Appellant raises issues relevant to his underlying conviction. Specifically, he challenges the sufficiency of the evidence introduced at trial and asserts that the Commonwealth withheld exculpatory evidence. *See* Appellant's Br. at 25, 34, 44. For the reasons noted above, these issues are beyond the permissible scope of this appeal. Thus, we decline to address them.

In his fifth issue, Appellant contends that the trial court erred when it imposed court costs related to his resentencing. *Id.* at 54. We agree.

Appellant's claim implicates the legality of his sentence. ***Commonwealth v. Lehman***, 201 A.3d 1279, 1283 (Pa. Super. 2019), *appeal granted*, 215 A.3d 967 (Pa. June 25, 2019). We review an illegal sentencing claim *de novo*, and our scope of review is plenary. ***Commonwealth v. White***, 193 A.3d 977, 985 (Pa. Super. 2018).

"A defendant does not . . . reasonably expect to be financially responsible for the costs associated with resentencing necessitated by changes in law many years later." ***Lehman***, 201 A.3d at 1287. Thus, the trial court lacks authority to impose costs associated with resentencing a defendant where the prior sentence was illegal. ***Id.***

The trial court concedes that it erred when it sentenced Appellant to pay costs associated with his resentencing because his resentencing resulted from our Supreme Court's determination that the mandatory minimum sentence authorized by statute and imposed for IDSI convictions was illegal. **See** Trial Ct. Supplemental Op. at 4.

We agree with the trial court's analysis. Appellant is not responsible for the costs associated with his resentencing because the Supreme Court deemed the law authorizing his initial sentence illegal. Accordingly, we vacate that portion of his Judgment of Sentence and remand for further proceedings consistent with this Memorandum. We affirm in all other respects.

Judgment of Sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2020