J-S35012-22

2024 PA Super 197

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
MICHAEL T. MARTIN, JR. : No. 791 MDA 2022

Appeal from the Order Entered May 13, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0002065-2019

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.*

CONCURRING OPINION BY BENDER, P.J.E.:     **FILED: SEPTEMBER 5, 2024**

I agree with the Opinion *Per Curiam* that the trial court did not abuse its discretion in granting Appellee a new trial based on the weight of the evidence, and the ultimate result reached in this appeal.  I write separately, though, because I believe that the Opinion *Per Curiam* improperly revisits issues that were not subject to our Supreme Court's review and remand order.

I briefly recount the procedural history of this matter.  After a jury convicted Appellee of sexual offenses, he filed post-sentence motions, raising — at best — a generic sufficiency claim, and arguing that the verdict was against the weight of the evidence.  Upon review, the trial court granted Appellee's request for discharge based on ***Commonwealth v. Devlin***, 333 A.2d 888 (Pa. 1975), and its progeny.  In the alternative, the trial court

_____

* Former Justice specially assigned to the Superior Court.

granted Appellee a new trial on weight-of-the-evidence grounds. The Commonwealth appealed to this Court.

On appeal, in response to an argument raised by Appellee, the Majority initially determined that the trial court's order was appealable and did not risk subjecting Appellee to retrial in violation of double jeopardy principles. Next, the Majority ascertained that the trial court should not have granted Appellee relief on issues relating to **Devlin** and its progeny, where Appellee did not raise those issues in his post-sentence motions. The Majority went on to discern that, with respect to Appellee's generic sufficiency claim, the evidence was sufficient to sustain the jury's verdict. Finally, the Majority reversed the trial court's grant of a new trial on weight-of-the-evidence grounds. **See generally Commonwealth v. Martin**, 297 A.3d 424 (Pa. Super. 2023), *vacated in part by* 317 A.3d 528 (Pa. 2024).

I filed a concurring and dissenting opinion. I stated that I agreed with my colleagues that the Commonwealth presented sufficient evidence to sustain Appellee's convictions and that he is not entitled to discharge. However, I opposed their decision to reverse the trial court's grant of a new trial on weight-of-the-evidence grounds. I explained that I thought the Majority misapplied our standard of review and failed to explain how the trial court abused its discretion in granting Appellee a new trial. I asserted that I would affirm the portion of the trial court's order that granted a new trial based on the weight of the evidence. **See Commonwealth v. Martin**, 297 A.3d 424, 437-44 (Pa. Super. 2023) (Bender, P.J.E., concurring and dissenting).

Appellee thereafter filed a petition for allowance of appeal with our Supreme Court, which was docketed at 356 MAL 2023. He raised two questions for the Court's review:

> 1. Should this Court accept for determination a matter where the majority of a panel of the Superior Court of Pennsylvania, despite not personally presiding over a trial nor hearing testimony firsthand, merely "disagreed with the result the court reached"* and determined via a "cursory dismissal of the trial court's assessment of the case,"* that the trial court abused its discretion in finding that the verdict shocked the [c]ourt's conscience, that [Appellee] was "actually innocent" and thus vacated the conviction of [Appellee]?
>
> 2. Did the majority of the panel of the Superior Court misapply the standard of its review of the lower court's ruling, by reviewing the underlying question of whether the verdict was against the weight of the evidence, instead of engaging in the proper determination of whether the trial court abused its discretion in ruling in favor of [Appellee]?
>
>> *Quotations (modified in tense only) from the concurring and dissenting opinion of … Bender, P.J.E. of June 12, 2023, pages 3 and 14.

Appellee's Petition for Allowance of Appeal, 7/6/23, at 6.

Following the filing of Appellee's petition, the Supreme Court entered the following, *per curiam* order:

> **AND NOW**, this 23rd day of April, 2024, we **GRANT** the petition for allowance of appeal, **VACATE** the Superior Court's decision reversing the trial court's grant of the motion for a new trial based on the weight of the evidence, and **REMAND** for the Superior Court to review the challenge to the trial court's order under the appropriate appellate standard of review. ***Commonwealth v. Widmer***, 744 A.2d 745, 752 (Pa. 2000) (appellate court must give "the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence" and consider each of the reasons given by the trial court to determine if trial court's discretion was exercised on "a

- 3 -

foundation of reason"); **Commonwealth v. Clay**, 64 A.3d 1049, 1053 (Pa. 2013) (reviewing court must "give the gravest consideration to the findings and reasons" of the trial court and finding that Superior Court did not apply the proper abuse of discretion standard because it "failed to consider the discretion exercised by the trial judge or the findings and reasons advanced by the trial judge in support of his determination"); **Commonwealth v. DiStefano**, 265 A.3d 290 (Pa. 2021) (Superior Court must specify how trial court abused its discretion).

Supreme Court *Per Curiam* Order, 4/23/24, at 1-2.

This procedural history leads us to the present, with the case returning to us after remand from the Supreme Court. As a result of the Supreme Court's remand, this Court issued the Opinion *Per Curiam*. Along with the weight-of-the-evidence issue, the Opinion *Per Curiam* discusses the appealability of the trial court's order, **Devlin** and its progeny, and the sufficiency of the evidence. To me, it is inappropriate for this Court to take a second look at those issues.

In my view, this Court should have limited its review on remand to the trial court's decision to grant a new trial based on the weight of the evidence. Appellee's petition for allowance of appeal shows that he did not seek review of any other issue with our Supreme Court.[1] Moreover, the Supreme Court only vacated this Court's decision to the extent it reversed the trial court's grant of the motion for a new trial based on the weight of the evidence. Thus,

---

[1] **See** Pa.R.A.P. 1115(a)(3) (stating that "[o]nly the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by the court in the event an appeal is allowed"); **Commonwealth v. Pacheco**, 263 A.3d 626, 649 n.23 (Pa. 2021) (stating that the "[f]ailure to pursue an issue on appeal is just as effective a forfeiture as is the failure to initially raise the issue") (citation omitted).

this Court's prior decision — as it relates to issues other than weight — remains good law. In my opinion, reexamining the other issues at this juncture is improper as our review of them does not serve judicial economy, the expectations of the parties, or the interest of achieving finality in litigation. *Cf. Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (identifying the considerations underlying the law of the case doctrine).[2]

In addition, the Supreme Court remanded the matter to us with instructions to review the challenge to the trial court's order granting a new trial under the appropriate appellate standard of review, and cited case law relating to the standard of review for weight-of-the-evidence claims. "It is axiomatic that the court below, on remand, must comply strictly with the mandate of the higher court." *See Commonwealth v. Williams*, 877 A.2d 471, 475 (Pa. Super. 2005) (citation omitted). By addressing issues outside of the Supreme Court's remand order, the Opinion *Per Curiam* fails to comply strictly with the Court's mandate.

---

[2] I recognize that, with respect to the issues other than weight, the Opinion *Per Curiam's* reasoning on those issues largely aligns with the reasoning set forth in the Majority's prior decision. However, to the extent there is any variation in the rationales provided, confusion also arises as to which decision controls. *Cf. Martin*, 297 A.3d at 434-36 (not discussing *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993), in disposing of sufficiency claim), *with* Opinion *Per Curiam* at 26-30 (discussing *Karkaria* in disposing of sufficiency claim).

For these reasons, I think it is inappropriate that the Opinion *Per Curiam* considers issues other than the weight of the evidence. Accordingly, I respectfully concur.