J-A15022-25
J-A15023-25
J-A15024-25

2026 PA Super 70

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN MANCUSO | : | |
| | : | |
| Appellant | : | No. 247 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 21, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001822-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN DAVID MANCUSO | : | |
| | : | |
| Appellant | : | No. 280 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 21, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001774-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RIAN DANA MANCUSO | : | |
| | : | |
| Appellant | : | No. 432 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 21, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001773-2020

J-A15022-25
J-A15023-25
J-A15024-25

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY STEVENS, P.J.E.:      **FILED APRIL 10, 2026**

I join the Majority decision which contains a thorough and thoughtful analysis of the relevant law as applied to the issues raised by each appellant.

The factual circumstances in this case leave this panel no choice but to reverse Appellant Damien Mancuso's conviction in that Damien's due process rights were violated when the prosecution failed to fix the date of the charged offense with reasonable certainty.

While I recognize the difficulties and emotional burden a sexual assault victim faces in bringing allegations of abuse to the attention of law enforcement to prosecute a perpetrator, the burden is on the Commonwealth to make a conscientious effort to assist the victim in narrowing the timeline of the charged allegations.  Our Supreme Court's decision in **_Commonwealth v. Devlin_**, 460 Pa. 508, 333 A.2d 888 (1975) and subsequent precedential law highlights the need for the prosecution to fix the date of the offense with "reasonable certainty" in order to provide the accused an adequate opportunity to defend himself.

This point becomes especially important when a victim delays bringing formal allegations of a sexual assault. There are many legitimate reasons a victim, especially a minor, might delay reporting an assault, such as fear of not being believed, shame, intimidation by the perpetrator, shock and

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

anguish, repressed memories and many other reasons recognized by the law and behavioral experts.

Our Legislature has acknowledged the reality of the delayed disclosure of sexual assault victims and has largely eliminated the criminal statute of limitations for sexual offenses committed against minors to allow victims more time to seek justice.[1]  However, due process requires that the prosecution narrow the date of the alleged offense with reasonable particularity so that a defendant is not saddled with a fundamentally unfair burden of defending himself against a charged crime that allegedly occurred within an overly broad time frame in the distant past.

While it is well-established that the Commonwealth need not provide a single specific date of the charged crime, the circumstances of this case do not allow us to provide the Commonwealth with the latitude it seeks in violation of fundamental fairness.  I agree with the Majority's determination that the prosecution in this case failed to set forth the date of Damien

---

[1] **See** 42 Pa.C.S.A. § 5551(7) (eliminating the criminal statute of limitations for the following crimes committed against a victim under the age of 18: trafficking, involuntary sexual servitude, rape, statutory sexual assault, involuntary deviate sexual intercourse, sexual assault, institutional sexual assault, aggravated indecent assault, incest, or conspiracy or solicitation to commit any such offenses);  42 Pa.C.S.A. § 5552(c)(3) (extending statute of limitations to allow victims under the age of 18 to seek criminal remedies until age 55 for the following crimes:  indecent assault, indecent exposure, endangering the welfare of a child, corruption of minors, sexual abuse of children, sexual exploitation of children, or conspiracy or solicitation to commit any such offenses).

Mancuso's criminal conduct with sufficient particularity required to satisfy due

process standards.