J-S71043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN GALUS | : | |
| | : | |
| Appellant | : | No. 1957 EDA 2017 |

Appeal from the PCRA Order June 8, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012610-2010

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED APRIL 17, 2019**

Appellant John Galus appeals from the order that denied his timely first Post Conviction Relief Act[1] (PCRA) petition without an evidentiary hearing. Appellant asserts that trial counsel was ineffective for failing to challenge the minor complainant's trial testimony as being too vague to establish when the abuse occurred.[2] Appellant also challenges the legality of the mandatory minimum sentences imposed for rape, involuntary deviate sexual intercourse (IDSI), and aggravated indecent assault.[3] We affirm in part, but are constrained to vacate the judgment of sentence and remand for resentencing.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We address Appellant's issues in a different order than presented in his brief.

[3] 18 Pa.C.S. §§ 3121, 3123, and 3125, respectively. As discussed below, there are variances between the specific subsections under which Appellant was charged, found guilty, and sentenced.

This Court previously summarized the facts of Appellant's convictions as follows:

The Commonwealth's case consisted primarily of the testimony of the complainant, the Appellant's biological daughter [born in June of 1994]. Her testimony established that the Appellant sexually abused and raped her during a significant portion of her childhood. When the complainant was very young, the Appellant and the complainant's mother separated. The Appellant acquired custody visitation rights pertaining to the complainant for every other weekend. The complainant testified that around the age of five, the Appellant began touching her body, including her breasts and vagina. The complainant indicated that the Appellant sometimes directed her to remove her clothing and touch her own vagina. She sometimes observed the Appellant masturbate after she complied. The complainant was subject to similar acts of abuse nearly every time she visited the Appellant.

The complainant also detailed performing oral sex on the Appellant on at least five occasions spanning several years. The first instance of oral sex occurred when the complainant was approximately seven years old. The complainant also indicated the Appellant performed oral sex on her. The complainant stated that the Appellant viewed pornographic videos prior to engaging in oral sex. The complainant estimated that the Appellant performed oral sex on her approximately ten times over the course of the abuse. Additionally, each act of oral sex occurred in the Appellant's apartment when no one else was present.

The complainant detailed the escalation of sexual activity after she was ten years old, which included the initiation of vaginal intercourse. The instances of intercourse always took place in the Appellant's bedroom. The Appellant engaged in vaginal intercourse less than five times in total. The complainant recalls one specific occasion when she felt pain urinating immediately following the act and noticed blood in her urine. During the duration of the sexual abuse, the Appellant resided in a portion of his mother's residence . . . .

The complainant first divulged the sexual abuse when she was approximately twelve years old, by telling her friend. The complainant next told a classmate sometime in 2010. The complainant then apprised her mother of the abuse shortly

- 2 -

thereafter.  Detective Erin Hinnov, badge number 8082, testified regarding her investigation of the alleged abuse of the complainant.  Based on the information received pursuant to the investigation, Detective Hinnov drafted an arrest warrant for the Appellant.

*Commonwealth v. Galus*, 793 EDA 2012 at 1-2 (Pa. Super. filed May 10, 2013) (unpublished mem.) (quoting Trial Ct. Op. 7/13/12, at 1-3).  Appellant was arrested on July 1, 2010, and charged with numerous sexual offenses, including rape—forcible compulsion and aggravated indecent assault—without consent.[4]

Appellant proceeded to a jury trial in August of 2011, at which the complainant testified.  Appellant testified in his own defense and called his mother, who lived in the same home in which the assaults took place, and two additional witnesses.  Following closing arguments, the trial court charged the jury on the following crimes: (1) rape—person less than thirteen years of age, (2) IDSI—person less than thirteen years of age, (3) aggravated indecent assault, (4) incest, and (5) indecent assault—a person less than thirteen years

---

[4] *See* 18 Pa.C.S. §§ 3121(a)(1) and 3125(a)(1), respectively.  The certified record transmitted to this Court does not contain the criminal information filed by the Commonwealth.  However, the Commonwealth does not dispute that Appellant was initially charged with rape—forcible compulsion and aggravated indecent assault—without consent, among other charges.  Commonwealth's Brief at 10 n.4.  The Commonwealth does not indicate whether Appellant was initially charged for sexual offenses committed against a person under thirteen years of age.

of age.[5]  *See* N.T., 8/25/11, at 33, 37-40.  As to aggravated indecent assault, the trial court's instruction required the jury to find that Appellant penetrated the complainant's genitals with a part of his body by forcible compulsion or threat of forcible compulsion and that the complainant was less than thirteen years old.[6]  *See id.* at 39.  On August 25, 2011, a jury found Appellant guilty of those offenses.

On February 16, 2012, the trial court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment.  The trial court's sentence included mandatory minimum sentences of (1) ten to twenty years' incarceration for rape, (2) a concurrent ten to twenty years' incarceration for IDSI, and (3) a concurrent five to ten years' incarceration for aggravated indecent assault.[7]  *See* 42 Pa.C.S. § 9718.  The trial court, at the sentencing hearing and in its sentencing order, indicated that it sentenced Appellant for rape—forcible compulsion, IDSI—forcible compulsion, and aggravated

---

[5] *See* 18 Pa.C.S. §§ 3121(c), 3123(b), 3125, 4302, and 3126(a)(7), respectively.  The trial court did not instruct the jury on rape—forcible compulsion or aggravated indecent assault—without consent.  *See* N.T., 8/25/11, at 37-40.

[6] *See* 18 Pa.C.S. § 3125(b).

[7] The trial court also sentenced Appellant to concurrent sentences of five to ten years' imprisonment for incest and three and one-half to seven years' imprisonment for indecent assault.

indecent assault—without consent.  Sentencing Order, 2/16/12, at 1; N.T., 2/16/12, at 27.

Appellant took a direct appeal, and on May 10, 2013, this Court affirmed.[8]  **Galus**, 793 EDA 2012 at 1.  On March 12, 2014, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  **Commonwealth v. Galus**, 87 A.3d 318 (Pa. 2014).

Appellant timely filed a *pro se* PCRA petition, which the PCRA court docketed on July 28, 2014.  The court appointed counsel, who filed an amended PCRA petition on July 7, 2015.  In his amended petition, Appellant asserted:

> (1) At trial and on appeal, the evidence against [Appellant] was very vague and sketchy, lacking in enough particularity to justify the prosecution.
>
> (2) Counsel was ineffective for failing to object to the lack of particularity in the evidence presented by the prosecution or to raise the issue on direct appeal.
>
> (3) A mandatory sentence was imposed without the appropriate factors having been determined as an element of the underlying offence by the jury beyond a reasonable doubt.
>
> (4) [Appellant] was denied his rights to due process and effective counsel, under the laws and Constitutions of the United States and

---

[8] The United States Supreme Court decided **Alleyne v. United States**, 570 U.S. 99 (2013), on June 17, 2013, thirty-eight days after this Court affirmed Appellant's judgment of sentence, but before the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  **Alleyne** held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and be found beyond a reasonable doubt.  **Alleyne**, 570 U.S. at 103.

Pennsylvania, as [Appellant]'s counsel failed to raise the issue of the illegal sentence at trial or on direct appeal.

(5) Said mandatory sentence was an illegal sentence.

Am. PCRA Pet., 7/7/15, ¶ 7.

On May 17, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss. Appellant did not respond. On June 8, 2017, the court entered the order dismissing Appellant's petition.

Appellant timely appealed. The PCRA court did not order a Pa.R.A.P. 1925(b) statement. A docket entry on March 29, 2018, indicated that the court did not file an opinion because the judge, who presided at trial and the PCRA proceeding, was no longer sitting on the court.

Appellant presents two questions, which we have reordered as follows:

[1.] Did the [PCRA court] err in failing to grant PCRA relief where the evidence against the Appellant was vague and had insufficient specificity to sustain the conviction?

[2.] Did the [PCRA court] err in failing to vacate the sentence as the Appellant had been subject to unconstitutional mandatory minimum sentences?

Appellant's Brief at 9.

Appellant first claims that trial counsel was ineffective for failing to challenge the lack of particularity to justify his convictions. Appellant notes that at trial, the closest that any of the witnesses could pinpoint an alleged incident was more than a twelve month period. Appellant's Brief at 21. He alleges that this lack of specificity precluded him from raising a meaningful defense. *Id.* at 18 (citing *Commonwealth v. Devlin*, 333 A.2d 888 (Pa.

1975)).  Appellant, in a single paragraph, asserts: "This issue was not raised by counsel on direct appeal.  This was ineffective assistance of counsel and there is an enforceable right to effective appellate counsel.  There could have been no rational, strategic or tactical reason for counsel to have failed to have raised the issues on appeal." *Id.* at 21-22.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).  A PCRA court may dismiss a petition if it determines the petitioner fails to raise a genuine issues of material fact in controversy.  Pa.R.Crim.P. 907(1); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

When considering a claim of ineffective assistance of counsel, "[c]ounsel is presumed to have been effective and the burden of rebutting that presumption rests with the petitioner." *Commonwealth v. Fletcher*, 986 A.2d 759, 772 (Pa. 2009) (citation omitted).  A petitioner "must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citations omitted).  "A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on

boilerplate allegations of ineffectiveness." ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (citation omitted).

> It is well settled that
>
> [i]t is the duty of the prosecution to fix the date when an alleged offense occurred with reasonable certainty. The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense.

***Commonwealth v. Brooks***, 7 A.3d 852, 857-58 (Pa. Super. 2010) (citations and quotation marks omitted). "If the opportunity to defend is inadequate, the defendant is denied due process of law." ***Devlin***, 333 A.2d at 891 (citation omitted).

However, the nature of the due process right "is not reducible to a simple mathematical formula." ***Id.*** at 892 (citation omitted). Rather, a court must consider "the facts and circumstances of each case." ***Id.*** (citations and quotation marks omitted). As this Court noted, "our Supreme Court opted for a balancing approach to resolve conflicting interests of the accused vis-à-vis the victim when it came to the specificity required to be proven as to the time-frame of the alleged crime." ***Brooks***, 7 A.3d at 860 (citation omitted). The Commonwealth is not required to prove a date certain of an offense and has "broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct. This is especially true when the case involves sexual offenses against a child victim." ***Id.*** at 858 (citations omitted).

Instantly, Appellant raised general claims of a due process violation and ineffective assistance of counsel in his amended PCRA petition. *See* Am. PCRA Pet. ¶ 7(1)-(2). Appellant did not attempt to further develop this claim in the PCRA court after the court issued its Rule 907 notice. In this appeal, Appellant has set forth the legal principles governing the alleged due process violation. *See* Appellant's Brief at 18. Appellant further relies on his assertion that the trial testimony indicated that a given incident occurred within a year or "around" a year's time, or had no timeframe at all. *See* Appellant's Brief at 21. However, the Commonwealth is not required to prove a date certain of a given offense, and Appellant does not support his argument in terms of a balancing approach or a discussion of the specific circumstances of this case. *See Devlin*, 333 A.2d at 892; *Brooks*, 7 A.3d at 860.

Therefore, Appellant failed to establish arguable merit to his underlying due process issue. *See Devlin*, 333 A.2d at 892; *Brooks*, 7 A.3d at 860. Moreover, Appellant has not set forth a genuine issue of material fact regarding his ineffectiveness claim. *See Wah*, 42 A.3d at 338; *cf. Natividad*, 938 A.2d at 322. Accordingly, we discern no basis to disturb the PCRA court's decision to dismiss Appellant's ineffective assistance of counsel claim. *See Ousley*, 21 A.3d at 1242.

Appellant next claims that the mandatory minimum sentences for rape, IDSI, and aggravated indecent assault are illegal in light of *Alleyne* and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016). Appellant's Brief at 12-15. Appellant argues that he properly raised his claim in a timely PCRA

petition, because **Alleyne** was decided before his sentences became final. **Id.** at 13-15 (citing **Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018) and **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa. Super. 2015)). Appellant suggests that he is entitled to resentencing because Section 9718 has been held to be unconstitutional on its face. **Id.** at 15-16.

The Commonwealth does not dispute that Appellant's **Alleyne** claim is properly before this Court. **See** Commonwealth's Brief at 7 n.3 (citing **DiMatteo**, 177 A.3d at 191). The Commonwealth also agrees that the mandatory minimum sentence for IDSI is illegal. **Id.** at 9. However, the Commonwealth argues that the trial court properly sentenced Appellant to mandatory minimum sentences for rape—person under thirteen years of age and aggravated indecent assault—person under thirteen years of age. **Id.** at 8-10. The Commonwealth notes that in **Commonwealth v. Resto**, 179 A.3d 18 (Pa. 2018) (plurality), several Justices of the Pennsylvania Supreme Court concluded that portions of Section 9718 did not violate **Alleyne**. **Id.** The Commonwealth further acknowledges that the record contains variances between the specific charges discussed at the time of trial and at sentencing. **Id.** at 10. Nevertheless, the Commonwealth suggests that the jury's findings that Appellant was guilty of rape—person under thirteen years of age and aggravated indecent assault—person under thirteen years of age authorized the trial court to impose the mandatory minimum sentences. **Id.** at 10.

It is well settled that an **Alleyne** challenge goes to the legality of sentence.[9] **See Commonwealth v. Barnes**, 151 A.3d 121, 126-27 (Pa. 2016). "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Melvin**, 172 A.3d 14, 19 (Pa. Super. 2017), *appeal denied*, 187 A.3d 207 (Pa. 2018).

To provide further context to the issue raised by Appellant, it is helpful to review the relevant provisions of Section 9718 and the Pennsylvania Supreme Court's decisions in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), **Wolfe**, and **Resto**.

Section 9718 states, in part:

**(a) Mandatory sentence.—**

(1) A person convicted of the following offenses **when the victim is less than 16 years of age** shall be sentenced to a mandatory term of imprisonment as follows:

\* \* \*

18 Pa.C.S. § 3121(a)(1), (2), (3), (4) and (5) (relating to rape)—not less than ten years.

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than ten years.

18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)—not less than five years.

---

[9] We acknowledge that an **Alleyne** challenge may be considered in a PCRA petition when the petitioner's sentence was rendered illegal before his judgment of sentence became final and he presented his claim in a timely petition for post-conviction relief. **See DiMatteo**, 177 A.3d at 192. Because it is clear that **DiMatteo** applies in this case, we proceed to review Appellant's **Alleyne** claim.

\* \* \*

> (3) **A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows**:
>
>> 18 Pa.C.S. § 3121(c) and (d)—not less than ten years.
>>
>> 18 Pa.C.S. § 3125(a)(7)—not less than five years.
>>
>> 18 Pa.C.S. § 3125(b)—not less than ten years.
>
> \* \* \*
>
> **(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime . . . . The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9718(a)(1),(3), (c) (emphases added).

In ***Hopkins***, the defendant was charged with numerous drug offenses, and the Commonwealth filed an information indicating its intent to seek a mandatory minimum sentence under 18 Pa.C.S. § 6317. ***Hopkins***, 117 A.3d at 250. Section 6317, in relevant part, called for the imposition of a mandatory minimum sentence when certain drug offenses were committed within 1,000 feet of a school zone. ***See*** 18 Pa.C.S. § 6317(a). Additionally, Section 6317 contained a judicial fact finding provision that permitted the trial court to determine the distance between the location of the offense and a school zone at sentencing by a preponderance of the evidence. ***See*** 18 Pa.C.S. § 6317(b).

Before trial, the defendant challenged the constitutionality of Section 6317 based on **Alleyne**. **Hopkins**, 117 A.3d at 250. The trial court found the statute unconstitutional based on the judicial fact finding provision in Section 6317(b). **Id.** The Commonwealth appealed directly to the Pennsylvania Supreme Court and argued that the unconstitutional fact finding provision was severable from the remainder of the statute. **Id.** at 250, 252-53. The Commonwealth further suggested that the unconstitutionality of judicial fact finding provision could be cured by the use of special verdicts. **Id.** at 253.

The **Hopkins** Court rejected the Commonwealth's argument that Section 6317(b) was severable. Specifically, the Court reviewed the language of Section 6317 to determine whether the statute's provisions violated **Alleyne**, and whether the statute could "survive without those provisions in accord with the intent of the General Assembly." **Hopkins**, 117 A.3d at 257 (citing 1 Pa.C.S. § 1925).[10]

---

[10] Section 1925 provides:

> The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid

- 13 -

Applying this analysis, the **Hopkins** Court first concluded that

> numerous provisions of Section 6317 are unconstitutional in light of the United States Supreme Court's decision in **Alleyne**. After **Alleyne**, these aspects of the statute—that the provisions are declared not to be elements of the offense, that notice is not required prior to conviction, that factfinding is conducted at sentencing, that the sentencing court performs factfinding, that the applicable standard is preponderance of the evidence, and that the Commonwealth has the right to appeal where the imposed sentence was found to be in violation of the statute—are now infirm. However, the other provisions—specifying the proximity of the drug transaction to a school, and requiring the age of the offender to be over 18—do not offend the Supreme Court's mandate in **Alleyne**.

**Hopkins**, 117 A.3d at 258-59.

The **Hopkins** Court next concluded that the constitutional provisions of Section 6317 could not stand on their own. **Id.** at 259-61. The Court reasoned that the General Assembly clearly intended that the distance between a drug transaction and a school to be sentencing factors and not elements of a substantive offense. **Id.** at 259. Moreover, the Court noted that Section 6317 did not provide for an alternate mechanism for the mandatory minimum sentence to apply. **Id.** at 261. In sum, the **Hopkins** Court concluded that the unconstitutional portions of Section 6317 could not be severed, noting:

> It is beyond our province to, in essence, rewrite Section 6317 to transform its sentencing commands, whether by utilizing special

_____

> provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

1 Pa.C.S. § 1925.

- 14 -

verdicts or otherwise, into a new substantive offense, contrary to the express legislative intent to the contrary. Thus, we find the unoffending portions of the statute, standing alone, without a wholesale rewriting, are incomplete and incapable of being vindicated in accord with the legislature's intent.

*Id.* (citation omitted).

In **Wolfe**, the Pennsylvania Supreme Court addressed Section 9718, which is at issue in this appeal.  In **Wolfe**, the defendant was found guilty of IDSI—person less than sixteen years of age, **see** 18 Pa.C.S. § 3123(a)(7), and sentenced to a mandatory minimum of ten years' imprisonment under Section 9718(a)(1).  **Wolfe**, 140 A.3d at 653.  In the defendant's direct appeal, this Court raised the legality of the mandatory minimum sentence *sua sponte*, and vacated the sentence.  **Wolfe**, 140 A.3d at 654.  The Pennsylvania Supreme Court, in **Wolfe**, affirmed this Court.

The **Wolfe** Court[11] concluded that the judicial fact-finding provision in Section 9718(c) was integral to that statute, and that Section 9718(a) could not stand alone.  **Id.** at 661.  The **Wolfe** Court noted:

Although the anomaly in Section 9718—*i.e.*, the incorrect specification [in Section 9718(c)] that the age-of-victim factor is not an element of a Section 3123(a)(7) IDSI crime—injects a conceptual wrinkle into this case, it does not alter our core assessment. In this regard, we agree with [the defendant] and his *amicus* that, under **Alleyne**, Section 9718 must be treated as creating a "distinct and aggravated crime," . . . ; that the statute's directive for judicial fact-finding attaches to that aggravated crime notwithstanding a jury verdict; and that sentencing judges are not

---

[11] Chief Justice Saylor wrote the lead opinion in **Wolfe**, with Justices Baer, Donohue, and Wecht joining the lead opinion's application of **Alleyne**. Justices Todd and Dougherty dissented.

free to disregard such explicit legislative mandates by substituting their own procedures. Accordingly, although the jury at [the defendant's] trial plainly decided that the victim was under sixteen years of age, the sentencing court was bound to make its own determination at sentencing, *see* 42 Pa.C.S. § 9718(c), but it could not do so in a manner consistent with the Sixth Amendment to the United States Constitution, on account of *Alleyne*.

*Id.* (some citations and footnote omitted). The *Wolfe* Court concluded: "In summary, we reaffirm *Hopkins* and find that Section 9718 is irremediably unconstitutional on its face, non-severable, and void."[12] *Id.* at 663.

Lastly, in *Resto*, a divided Pennsylvania Supreme Court reversed this Court's decision that vacated a ten-year mandatory minimum sentence under Section 9718(a)(3) for rape—person less than thirteen years of age.[13] *Resto*, 179 A.3d at 20; *see also Commonwealth v. Resto*, 2125 MDA 2014 (Pa. Super. filed July 14, 2015) (unpublished mem.). Chief Justice Saylor authored the opinion announcing the judgment of the Court (OAJC) and concluded that unlike Section 9718(a)(1), Section 9718(a)(3) did not violate *Alleyne*. *Resto*, 179 A.3d at 20. The OAJC reasoned that Section 9718(a)(3) imposed a mandatory minimum sentence based on the defendant's conviction for a

---

[12] The *Wolfe* Court also rejected the Commonwealth's argument that the violation of *Alleyne* was harmless in light of the jury's finding of the element of the offense that victim was under sixteen years of age. The Court reasoned: "We are also unable to deem the violation inherent in the application of a sentencing statute that is unconstitutional on its own non-severable terms to be harmless." *Wolfe*, 140 A.3d at 661-62.

[13] As discussed below, Chief Justice Saylor wrote the opinion announcing the judgment of the Court. Justices Todd and Dougherty filed concurring opinions concurring in the result only. Justices Baer and Mundy filed dissenting opinions. Justices Donohue and Wecht did not participate in the decision.

specific offense and required "no proof of any predicate or aggravating facts."

***Id.***

The OAJC then proceeded to a severability analysis, indicating that "to the degree that the unconstitutional provisions would be deemed non-severable, Section 9718 as a whole would be void as a consequence of ***Alleyne***." ***Id.*** at 21.  The OAJC did not address whether Section 9718(a)(3) was severable from the unconstitutional judicial fact finding provision in Section 9718(c).   ***Id.***   Instead, the OAJC assessed "whether the unconstitutional provisions of Section 9718—*i.e.*, those that do specify aggravating facts relative to other mandatory minimum sentences—may be severed."  ***Id.***  The OAJC concluded that those unconstitutional provisions were severable.  ***Id.***

The OAJC further acknowledged the broad language used in ***Wolfe***. Nevertheless, the OAJC's analysis sought to limit ***Wolfe*** to the facts of that case.   ***Id.*** at 22-23 (suggesting that ***Wolfe*** should have said "Section 9718[***(a)(1)***] is irremediably unconstitutional on its face, [Section 9718(c) is] non-severable, and [Section 9718(a)(1)] is void" (emphasis in original)).

In their concurring opinions in ***Resto***, Justices Todd and Dougherty agreed that Section 9718(a)(3) did not implicate ***Alleyne*** concerns.  ***See id.*** at 28 (Todd, J., concurring); ***id.*** at 30 (Dougherty, J., concurring).  However, both Justices Todd and Dougherty maintained that they would overrule ***Wolfe***, and both Justices questioned the OAJC's reasoning that distinguished ***Wolfe***. ***See id.*** at 29 (Todd, J., concurring) (concluding that "***Wolfe***'s rationale and

the OAJC's approach *sub judice* cannot both stand"); *id.* at 30 (Dougherty, J., concurring) (indicating disagreement with "the OAJC's reasoning distinguishing the **Alleyne** analyses of Section 9718(a)(3), at issue in this case, and Section 9718(a)(1) at issue in [**Wolfe**]").

In their dissenting opinions, Justices Baer and Mundy relied on **Wolfe** to conclude that the unconstitutionality of the judicial fact-finding provision in Section 9718(c) rendered the entire statute facially unconstitutional. **See id.** at 31 (Baer, J., dissenting); *id.* at 35 (Mundy, J., dissenting). Justice Mundy reasoned that **Hopkins** and **Wolfe** required the conclusion that "the procedural mandates of Section 9718 are so interwoven with the substantive provisions as to be non-severable and facially unconstitutional." **Id.** at 36 (Mundy, J., dissenting) (citation omitted).

Following our review, we conclude that **Resto** is determinative of Appellant's sentencing challenge. A majority of the Court deciding **Resto** agreed to reverse this Court's decision and reinstate the mandatory minimum sentence under Section 9718(a)(3). Therefore, the result of the case, but not its reasoning, is precedential. **See Commonwealth v. Bethea**, 828 A.2d 1066, 1073 (Pa. 2003) (discussing **Commonwealth v. McPhail**, 692 A.2d 139 (Pa. 1997), and noting that "[w]hen a court is faced with a plurality opinion, usually only the result carries precedential weight; the reasoning does not"). Although the OAJC did not garner a majority in its severability analysis or its attempt to limit **Wolfe** to the facts of that case, the result remains the

same: a mandatory minimum sentence under Section 9718(a)(3) is constitutionally sound.

Accordingly, we conclude that Appellant's sentence for rape—person less that thirteen years of age was proper under Section 9718(a)(3). However, as suggested by the Commonwealth, the mandatory minimum sentence for IDSI must be vacated because IDSI is an enumerated offense under Section 9718(a)(1), not 9718(a)(3).

Lastly, there is substantial confusion regarding the applicable mandatory minimum sentencing provision regarding Appellant's conviction for aggravated indecent assault. Instantly, the trial court charged the jury, and the jury found, that Appellant committed aggravated assault by forcible compulsion and the complainant was less than thirteen years of age. *See* N.T., 8/25/11, at 39. Therefore, the jury found Appellant guilty of a first-degree felony offense under subsection (b) of the aggravated indecent assault statute. *See* 18 Pa.C.S. § 3125(b) (defining aggravated assault of a child as, *inter alia*, committing aggravated indecent assault by forcible compulsion and the complainant is less than thirteen years of age); *see also* 18 Pa.C.S. § 3125(a)(7) (defining aggravated indecent assault—person less than thirteen years of age) & (c) (defining the grades of aggravated indecent assault).

At sentencing, however, the Commonwealth sought a five year mandatory minimum sentence based on the apparent belief that Appellant was convicted of a second-degree felony offense under subsection (a)(7) of the aggravated indecent assault statute. *See* N.T., 2/16/12, at 20; 42 Pa.C.S.

§ 9718(a)(3). In actuality, the jury's verdict authorized a mandatory minimum sentence of ten to twenty years' imprisonment. *See* 42 Pa.C.S. § 9718(a)(3). Given this confusion, we are also constrained to vacate the mandatory minimum sentence for aggravated indecent assault, as well.

In sum, we affirm the PCRA court's order dismissing Appellant's petition in part. However, we reverse the order to the extent it dismissed Appellant's claim that his sentences for IDSI and aggravated indecent assault were illegal. Although our decision would not disturb the trial court's overall sentencing scheme, we vacate the judgment of sentence and remand this matter for resentencing, at which time the trial court may also take the opportunity to correct the record as to the offenses for which Appellant was charged, found guilty, and will be resentenced.

Order affirmed in part and reversed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/19