J-S29029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY SCOTT BELLON | : | |
| | : | |
| Appellant | : | No. 1578 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 28, 2022
In the Court of Common Pleas of Snyder County
Criminal Division at No(s):  CP-55-CR-0000382-2021

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 20, 2024**

Appellant, Anthony Scott Bellon, appeals from the judgment of sentence entered in the Snyder County Court of Common Pleas, following his jury trial convictions for terroristic threats, stalking, possessing instruments of crime ("PIC"), and recklessly endangering another person ("REAP"), and his bench trial conviction for the summary offense of criminal mischief.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth filed a criminal information on January 1, 2022, charging Appellant with various offenses after a domestic dispute between himself and his paramour ("Victim").  Appellant subsequently filed a motion for *habeas*

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2709.1(a)(1), 907(a), 2705, and 3304.

*corpus* which the trial court granted in part following a hearing, dismissing several counts.[2]  The Commonwealth thereafter filed an amended criminal information on May 23, 2022, charging Appellant with terroristic threats, stalking, two counts of simple assault, PIC, REAP, and criminal mischief.

The case proceeded to a jury trial on August 1, 2022.  At trial, Trooper Rodney Shoeman testified that on October 30, 2021, Victim came into the Pennsylvania State Police Station to report a domestic violence issue that had occurred that day.  (N.T. Trial, 8/1/22, at 18).  Victim showed police a video that she had taken while she and Appellant were arguing over going to the store and TikTok videos.  (*Id.* at 31).  S.G., Victim's daughter, was present during the argument and testified that Appellant and Victim were arguing and yelling after Victim told him to leave.  During the argument, while Appellant was packing up his belongings, S.G. saw Appellant take a handgun out of a drawer and put it on top of his belongings.  (*Id.* at 42-43).

Victim testified that her relationship with Appellant had consisted of years of constant fighting.  Victim explained that she had kicked Appellant out of the house several times but when he called her at home and at work and apologized and said he loved her, she would let him back.  Victim explained that she permitted Appellant to live at her house because it was just easier

---

[2] At the close of the *habeas corpus* hearing, the court dismissed two counts of terroristic threats, one count of stalking, five counts of simple assault, two counts of PIC, one count of REAP, one count of criminal mischief, and one count of endangering the welfare of children.  (N.T. Hearing, 3/10/22, at 30).

that way. (*Id.* at 47-49). On October 30, 2021, Victim and Appellant were fighting because he was watching TikTok and wanted to go to Costco, but she was tired. (*Id.* at 51). Victim told Appellant to leave, and he started packing his stuff into a laundry basket. They continued to argue and Appellant pushed her into a pack-and-play and into the hallway. (*Id.* at 46, 51). Victim testified that Appellant continued to pack his stuff and got his gun out of the top dresser and placed it on top. (*Id.* at 51). Victim explained that throughout their relationship, there had been other incidents where Appellant had threatened her with a firearm and where he had pushed her, including a time in 2021 when Appellant held a gun to her head and threatened to blow her brains out. (*Id.* at 52, 101). The Commonwealth also introduced several text message exchanges between Victim and Appellant where she had asked him to leave and stop contacting her, but he continued to do so and made threatening and harassing statements to her. (*Id.* at 70-81).

At the conclusion of trial, the jury convicted Appellant of terroristic threats, stalking, PIC, and REAP. The jury found Appellant not guilty of either count of simple assault.[3] The trial court found Appellant guilty of the summary offense of criminal mischief.

Appellant timely filed a motion for a new trial on August 19, 2022,

---

[3] The verdict sheet specified that the first count of simple assault was for holding a gun to Victim's head and the second was for choking Victim. The verdict sheet further stated that the crime of PIC was for holding a gun to Victim's head. (*See* Verdict Sheet, 8/18/22).

arguing, *inter alia*, that the jury's verdict was inconsistent where the jury found Appellant guilty of PIC for pointing a gun at Victim's head, but found him not guilty of simple assault for the same conduct. Appellant also argued that the Commonwealth failed to establish a specific date for the offenses. On October 28, 2022, after hearing argument from counsel, the court denied the motion for a new trial. The court then sentenced Appellant to a mitigated term of two years of probation for each count, all imposed concurrently.

Appellant did not file a post-sentence motion. On November 15, 2022, Appellant filed a timely notice of appeal. The following day, the trial court ordered him to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues on appeal:

> 1. Whether the trial court erred/abused its [discretion] when it found the date of the offenses presented at trial were fixed within sufficient particularity?
>
> 2. Whether [Appellant's] convictions were against the weight of the evidence?
>
> 3. Whether the trial court erred/abused [its discretion] when it denied [Appellant's] motion for a new trial/mistrial?

(Appellant's Brief at 10).

In his first issue, Appellant argues that the Commonwealth failed to establish the date of the offenses with sufficient particularity. Appellant asserts that the criminal information alleged that the crimes occurred between January 2020 and October 30, 2021, and Victim's testimony at trial did not

specify when, within that period, Appellant committed the offenses against her. Specifically, Appellant claims that Victim's allegations fell into three general groups: stalking, pointing a gun at her, and the fight that occurred on October 30, 2021. Appellant insists that the Commonwealth presented minimal and inconsistent evidence regarding when the acts of stalking allegedly occurred. Appellant further maintains the Commonwealth presented inconsistent evidence regarding when Appellant allegedly pointed a gun at Victim's head. Appellant concludes that the Commonwealth's failure to specify with certainty the dates of the offenses violated his due process rights, and this Court must grant relief. We disagree.

"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." **Commonwealth v. Martin**, 297 A.3d 424, 432 (Pa.Super. 2023) (citation omitted). Our standard of review over Appellant's claim that the charging information failed to provide specific notice of his misconduct "requires scrutiny of the totality of that evidence in the light most favorable to the Commonwealth, as verdict winner, and to draw all reasonable inferences in favor of the Commonwealth." **Id.** (quoting **Commonwealth v. Brown**, 617 Pa. 107, 148, 52 A.3d 1139, 1164 (2012)).

As this Court has summarized:

It is the duty of the prosecution to "fix the date when an alleged offense occurred with reasonable certainty...." ***Commonwealth v. Jette***, 818 A.2d 533, 535 (Pa.Super. 2003), *appeal denied*, 574 Pa. 771, 833 A.2d 141 (2003) (citation omitted). The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense. ***Commonwealth v. Gibbons***, 567 Pa. 24, 784 A.2d 776 (2001).

However, "[d]u[e] process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a specific date of an alleged crime. ***Commonwealth v. Devlin***, 460 Pa. 508, 515–516, 333 A.2d 888, 892 (1975). Additionally, "indictments must be read in a common sense manner and are not to be construed in an overly technical sense." ***Commonwealth v. Einhorn***, 911 A.2d 960, 978 (Pa.Super. 2006), *appeal denied*, 591 Pa. 723, 920 A.2d 831 (2007) (quoting ***Commonwealth v. Ohle***, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983)). Permissible leeway regarding the date provided varies with, *inter alia*, the nature of the crime and the rights of the accused. [***Einhorn, supra***]. ***See*** Pa.R.Crim.P. 560(B)(3), stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations.

***Commonwealth v. Koehler***, 914 A.2d 427, 436 (Pa.Super. 2006), *appeal denied*, 599 Pa. 699, 961 A.2d 858 (2008). Case law has further "established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." ***Commonwealth v. G.D.M., Sr.***, 926 A.2d 984, 990 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (quoting ***Commonwealth v. Groff***, 548 A.2d 1237, 1242 (Pa.Super. 1988)).

***Commonwealth v. Brooks***, 7 A.3d 852, 857–58 (Pa.Super. 2010), *appeal*

*denied*, 610 Pa. 614, 21 A.3d 1189 (2011) (citation formatting provided; brackets in original).

> When 'the precise date of [an offense] is not known or if the offense is a continuing one,' Rule 560(B)(3) of the Pennsylvania Rules of Criminal Procedure provides that a criminal information 'signed by the attorney for the Commonwealth shall be valid and sufficient in law if it contains...an allegation that it was committed on or about any date fixed within the statute of limitations [.]'

*Id.* at 859 (quoting Pa.R.Crim.P. 560).

Instantly, the original criminal information charged Appellant with crimes that occurred between January 2020 and October 30, 2021, within the applicable statutes of limitations for each count.[4] During the *habeas corpus* hearing, the timeframe was narrowed for several counts. Specifically, the Commonwealth charged Appellant with stalking and REAP as course of conduct offenses from January 2020 until October 30, 2021. (N.T. Hearing, 3/10/22, at 28). The counts of terroristic threats, PIC, and one count of simple assault related to Appellant pointing a gun at Victim, which occurred between January 2021 and October 30, 2021. (*Id.* at 22, 27). The final count of simple assault and the count of criminal mischief both related to Appellant's actions on October 30, 2021.

---

[4] Prosecution for the offenses of simple assault, stalking, PIC, REAP, and criminal mischief must be commenced within two years after it is committed. *See* 42 Pa.C.S.A. § 5552(a). Prosecution for terroristic threats must be commenced within five years after it is committed. *See* 42 Pa.C.S.A. § 5552(b)(1).

Upon review, we conclude that the dates of the offenses as set forth in the criminal information were fixed with reasonable certainty and provided Appellant with sufficient notice to prepare his defense. **See Brooks, supra**. One count of simple assault and criminal mischief arose from the incident on October 30, 2021, which date was fixed. The offenses of REAP and stalking were both continuing course of conduct offenses, for which the Commonwealth had broad latitude to attempt to fix the date. **See G.D.M., supra**. Finally, the Commonwealth reasonably fixed the date for the offenses of PIC, simple assault, and terroristic threats arising from Appellant pointing a gun at Victim's head and threatening within the 10-month time period from January through October 2021. We cannot say that Appellant's due process rights were violated under these circumstances. **See Devlin, supra**; **Martin, supra**. Thus, Appellant's first issue is meritless.

In his second issue, Appellant purports to challenge the weight of the evidence supporting the verdict. His argument consists of two separate claims, first that the verdict of guilt for stalking was against the weight of the evidence, and second that the inconsistent verdicts for PIC and REAP were against the weight of the evidence. We address each claim separately.

In his first weight of the evidence claim, Appellant asserts that he had Victim's consent to be at the residence; therefore, the allegations against him would not constitute stalking, but demonstrate a dysfunctional relationship. Appellant contends that he was in a "consensually intimate relationship" with

Victim at the time he was alleged to have been stalking her, such that the verdict was against the weight of the evidence. (Appellant's Brief at 19-20).

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. Rule of Criminal Procedure 607 provides:

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted). A defendant cannot raise an issue for the first time on appeal; it must be preserved with a timely and specific objection before the trial court. A boilerplate post-sentence motion stating that the verdict was against the weight of the evidence does not preserve an issue for appellate review unless it specifies in what manner the verdict was against the weight of the evidence. *Commonwealth v. Holmes*, 461 A.2d 1268, 1270 (Pa.Super. 1983). *See also Commonwealth*

*v. Weir*, 201 A.3d 163, 167 (Pa.Super. 2018), *aff'd*, 662 Pa. 402, 239 A.3d 25 (2020) (holding that challenge to weight of evidence was not preserved concerning conviction for harassment where challenge to weight of evidence before trial court was limited to criminal mischief conviction). Because our review of a challenge to the weight of the evidence is limited to whether the trial court abused its discretion, it is critical that the Appellant present the issue to the trial court. Failure to do so waives the issue for appeal.

Here, in his post-verdict motion for a new trial, Appellant stated that he "challenges the weight of the evidence prior to sentencing and requests a new trial." (*See* Post-Verdict Motion, 8/19/22, at ¶5). Appellant argued specifically that he was challenging the weight of the evidence concerning his convictions for PIC and REAP. (*Id.* at ¶¶29, 31). Nevertheless, Appellant did not mention a challenge to the weight of the evidence concerning his conviction for stalking. Likewise, Appellant did not raise a weight challenge concerning the stalking conviction at the October 28, 2022 hearing.[5] Therefore, Appellant did not properly preserve this particular aspect of his weight issue, and it is waived for purposes of appellate review. *See* Pa.R.Crim.P. 607; *Weir, supra*; *Holmes, supra*.

In the second weight claim, Appellant challenges the weight of the evidence for his PIC and REAP convictions. Specifically, Appellant asserts that

---

[5] As this claim was not raised before the trial court, the court did not address this specific issue in its analysis.

these convictions were against the weight of the evidence where the jury found him not guilty of simple assault for putting a gun to Victim's head, which was the same conduct alleged for PIC and REAP. Appellant concludes this Court must grant him a new trial. We disagree.

Though phrased as a challenge to the weight of the evidence, "the question before us implicates the general issue of inconsistent verdicts" which are permissible so long as the evidence is sufficient to support the conviction. *Commonwealth v. Miller*, 613 Pa. 584, 588, 35 A.3d 1206, 1208 (2012). Accordingly, we review Appellant's claim as a challenge to the sufficiency of the evidence. *See Commonwealth v. Burton*, 234 A.3d 824, 829 (Pa.Super. 2020), *appeal denied*, 252 A.3d 234 (2021).

Our standard of review of a challenge to the sufficiency of the evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the

trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* (quoting **Commonwealth v. Storey**, 167 A.3d 750, 757 (Pa.Super. 2017), *appeal denied*, 655 Pa. 327, 217 A.3d 1213 (2019)).

We note first that inconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. Consistency in verdicts in criminal cases is not necessary. When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict.

*Id.* (quoting **Commonwealth v. Barnes**, 167 A.3d 110, 120 (Pa.Super. 2017) (*en banc*)). Furthermore, we note that "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal." *Id.* at 832 (citation omitted).

"A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). With respect to REAP, "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. The Crimes Code defines "recklessly" as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3).

Here, the court denied Appellant's motion for a new trial based on inconsistent verdicts. The court noted that the question "was not whether the [c]ourt agrees or disagrees with the jury's verdict, that's not the [c]ourt's role." (N.T. Hearing, 10/28/22, at 7). The court then confirmed that "[i]nconsistencies in the testimony are for the fact finder to resolve" and the jury did that. (*Id.* at 8). Thus, the court denied Appellant's motion for a new trial.

The record supports the trial court's conclusion. At trial, Victim testified that in 2021, Appellant "threatened to blow her brains out" and held a gun to her head. (N.T. Trial at 52, 101). Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, sufficient evidence supported Appellant's convictions for PIC and REAP. Because sufficient evidence supported these convictions, Appellant is not entitled to relief on his claim of an inconsistent verdict. **See Burton, supra**. Therefore, Appellant's second issue on appeal merits no relief.

In his final issue, Appellant contends that the trial court abused its

discretion when it denied his motion for a new trial or a mistrial. (Appellant's Brief at 22). However, Appellant raises no new allegations of error. Rather, he reiterates the arguments presented in his first two issues. (*See id.*) As neither issue merits relief, his third claim fails as well. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/20/2024